## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTHONY J. FUSHIKOSHI,<br>    Appellant, | DOCKET NUMBER<br>SF-0752-14-0599-I-1 |
|       v. | |
| DEPARTMENT OF AGRICULTURE,<br>    Agency. | DATE: October 29, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Anthony J. Fushikoshi, Wailuku, Hawaii, pro se.

Bradly Siskind, Esquire, Riverdale, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1     The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which mitigated his 30-day suspension to a 7-day suspension. For the reasons discussed below, we GRANT the petition for review and DENY the cross petition for review. We AFFIRM the initial decision to the extent that it sustained specification three of the charge, found

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

nexus, and found that the appellant failed to prove his affirmative defenses, VACATE the initial decision to the extent that it failed to sustain specification two of the charge, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2     The appellant is a GS-11 Plant Production and Quarantine Officer with the agency, stationed at the Kahului Airport in Hawaii.  Initial Appeal File (IAF), Tab 12 at 4, Tab 57 at 14.  The agency proposed to suspend the appellant for 30 days based upon three specifications of improper conduct.[2]  IAF, Tab 12 at 25-27, 51-57.  Specification one alleged that, on September 10, 2013, the appellant failed to report for duty as scheduled and was absent without leave (AWOL) for 8 hours.  *Id.* at 51.  Specification two alleged that on October 6, 2013, the appellant failed to report for a 5-hour overtime assignment.  *Id.* at 52. Specification three alleged that on February 8, 2014, the appellant was AWOL for 45 minutes when he failed to report for duty until a supervisor telephoned him and reminded him that he only had requested leave for a later part of the day.  *Id.* at 25-26.

¶3     After considering the appellant's response to the notice of proposed suspension, the deciding official did not sustain specification one of the charge, but sustained specifications two and three, and found that a 30-day suspension was an appropriate penalty.  *Id.* at 5-9, 14-24.

¶4     The appellant filed a timely Board appeal challenging his suspension. IAF, Tab 1 at 3, 5.  During the processing of the appeal, he failed to respond fully to the agency's written discovery requests, even after the administrative judge granted in part the agency's motion to compel.  IAF, Tabs 19, 24, 36;

---

[2] The agency issued both a proposed suspension and an addendum.  IAF, Tab 12 at 25-27, 51-57.  For clarity, we refer to these documents, combined, as the notice of proposed suspension.

*see* IAF, Tab 39 at 3. In addition, the appellant failed to cooperate in his deposition, file prehearing submissions, or appear for the scheduled prehearing conference.[3] IAF, Tab 9 at 2-4, Tab 25 at 7, 18-19, Tab 26 at 1, Tab 28 at 9-10, 17, Tab 36.

¶5 The agency filed a motion for sanctions. IAF, Tab 28. The administrative judge ordered the appellant to respond to the motion and scheduled a conference call to discuss the status of the appeal. IAF, Tab 29. After the appellant failed to respond to the motion and appear for the conference call, the administrative judge issued an order to show cause, which informed the appellant that if he failed to demonstrate good cause for his refusal to comply with her orders, she either would cancel his hearing and issue a decision based on the written record or dismiss the appeal for failure to prosecute. IAF, Tab 36.

¶6 After considering the appellant's responses, in which he alleged, among other things, that he suffered from depression, stress, and memory loss, and lacked sufficient personal time to respond to discovery, the administrative judge sanctioned the appellant by canceling his requested hearing. IAF, Tab 37 at 3-4, Tab 40 at 4, Tab 50 at 1-2; *see* IAF, Tab 1 at 2. She afforded the parties an opportunity to submit additional evidence and argument before the close of the written record. IAF, Tab 50 at 5. In response, on November 1, 2014, the appellant filed a medical document, dated October 7, 2013, which indicated that, on October 6, 2013, the date of the overtime assignment at issue in specification

---

[3] For the first time on review, the agency has submitted a complete transcript of the appellant's attempted deposition, only a portion of which was included in the record below. Petition for Review (PFR) File, Tab 4 at 13-41, Tab 5; IAF, Tab 25 at 7-24. The agency has not explained why the complete transcript of the deposition, which predated the initial decision by several months, was previously unavailable despite due diligence. PFR File, Tabs 4-5; *see* 5 C.F.R. § 1201.115(d) (new evidence will be considered on review only if it was not available despite due diligence before the record below closed). Therefore, we have not considered any portions of the transcript that were not included in the record below.

two, he was "unable to perform regular duties due to medical reasons."[4] IAF, Tab 51 at 10.

¶7    After considering additional responses submitted by the appellant and the agency, IAF, Tabs 52-58, the administrative judge issued an initial decision sustaining the charge of improper conduct, which she construed as equivalent to an AWOL charge, IAF, Tab 59, Initial Decision (ID) at 4-8.[5]  However, she did not sustain specification two of the charge because she found that the October 7, 2013 medical document that the appellant filed after the hearing was cancelled was administratively acceptable evidence that he was incapacitated for duty on October 6, 2013, and was sufficient to support his request for sick leave on that date.  ID at 6-7; *see Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, ¶ 9 (2007) (finding that a charge of AWOL will not be sustained if an appellant presents administratively acceptable evidence that he was incapacitated for duty during the relevant period, provided that he has sufficient sick leave to cover the period of absence).

---

[4] Before the agency issued the notice of proposed suspension, the appellant provided the agency with a different medical document, also dated October 7, 2013, which indicated that he was seen at a medical practice on October 7, 2013, and that he required "supervision of healthcare needs" on October 6, 2013.  IAF, Tab 12 at 52, Tab 13 at 13, 24.  In the notice of proposed suspension, the agency informed the appellant that such medical documentation was insufficient to excuse his absence because it did not reflect that he was incapacitated for duty on October 6, 2013.  IAF, Tab 12 at 52.

[5] On review, the agency does not challenge the administrative judge's characterization of the charge or argue that the charge should have been construed as a failure to follow leave procedures.  *See* PFR File, Tabs 1, 4-5.  Having reviewed the proposed suspension, we agree with the administrative judge that the improper conduct charge was equivalent to an AWOL charge.  IAF, Tab 12 at 25-27, 51-57; *see Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 22 (2006) (finding that a charge of improper conduct has no specific elements of proof, but is established by proving that the appellant committed the acts alleged in support of the charge); *Atchley v. Department of the Army*, 46 M.S.P.R. 297, 301 (1990) (holding that the Board is required to review the employing agency's decision on an adverse action solely on the grounds invoked by the agency and may not substitute what it considers to be a more adequate or proper basis).

¶8      The administrative judge further found that the appellant failed to establish his affirmative defenses of harmful error, discrimination on the basis of disability and age, and retaliation for prior protected equal employment opportunity (EEO) and Board activity.  ID at 8-16; *see* IAF, Tab 1 at 5, Tab 34 at 3, Tabs 35, 41. She held that discipline based on the appellant's failure to report for work promoted the efficiency of the service.  ID at 16-17.  However, she mitigated the 30-day suspension to a 7-day suspension because, among other factors, the sustained misconduct involved only a single instance of 45 minutes of AWOL. ID at 17-19.

¶9      The agency has filed a petition for review, the appellant has filed a response to the petition for review and cross petition for review,[6] and the agency has filed a combined reply and response to the cross petition for review.  Petition for Review (PFR) File, Tabs 1-2, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency was prejudiced as an unintended consequence of the sanction imposed against the appellant.

¶10     On review, the agency argues that administrative judge erred in failing to sustain specification two of the charge.  PFR File, Tab 1 at 5, 12-16, 21-23, Tab 4 at 7-11.  Specifically, the agency contends that the administrative judge abused her discretion in sanctioning the appellant by canceling his requested hearing. PFR File, Tab 1 at 16, 23.  It argues that instead, she should have precluded the appellant from submitting additional evidence, including the October 7, 2013 medical document that he filed at the close of the record below or, in the

---

[6] Because the appellant alleges that the initial decision was incorrectly decided in part, we construe his filing as a cross petition for review.  PFR File, Tab 2; *see* 5 C.F.R. § 1201.114(a)(1)-(2).

alternative, dismissed the appeal for failure to prosecute.[7]   PFR File, Tab 1 at 14-16, 21-23, Tab 4 at 7-11.

¶11      We find that the administrative judge did not abuse her discretion in sanctioning the appellant by canceling the hearing.  *See* IAF, Tab 50 at 2.  An administrative judge may impose various sanctions as necessary to serve the ends of justice.  5 C.F.R. § 1201.43.  Once an administrative judge imposes a sanction, the Board ordinarily will not disturb such a determination unless it is shown that the administrative judge abused her discretion or that her ruling adversely affected a party's substantive rights.  *Wagner v. Department of Homeland Security*, 105 M.S.P.R. 67, ¶ 9 (2007).

¶12      The Board's regulations authorize an administrative judge to cancel a scheduled hearing as a sanction where an appellant engages in contumacious conduct or conduct prejudicial to the administration of justice.  *See* 5 C.F.R. § 1201.43(e); *see also Hart v. Department of Agriculture*, 81 M.S.P.R. 329, ¶ 5 (1999) (finding that an appellant's right to a hearing should not be denied as a sanction absent extraordinary circumstances).  In the present case, the record reflects that the appellant repeatedly refused to cooperate in discovery and failed to comply with three separate orders issued by the administrative judge.  *See* IAF, Tab 9 at 2-4, Tabs 19, 24, Tab 25 at 7-19, Tab 26 at 1, Tabs 28-29, 36, Tab 39 at 3.  The appellant's assertions that he suffered from depression, stress, and

---

[7] On review, the agency also claims that the administrative judge failed to rule on its second motion to compel regarding the appellant's conduct during his deposition.  PFR File, Tab 1 at 8, 16; IAF, Tab 25.  We agree that an administrative judge is obligated to rule on motions filed by the parties.  *See Johnson v. U.S. Postal Service*, 37 M.S.P.R. 388, 392 (1988) (finding that an administrative judge's failure to rule on a motion was error).  However, after the agency filed the second motion to compel, the agency subsequently filed the motion for sanctions in which it argued, among other things, that the appellant should be sanctioned for his failure to cooperate in his deposition.  IAF, Tab 28 at 4-7.  It appears that the administrative judge construed the motion for sanctions as superseding the second motion to compel and in fact considered the appellant's refusal to cooperate in his deposition when imposing sanctions.  *See* IAF, Tab 50 at 2.  Therefore, we find that the administrative judge did not err in failing to rule on the agency's second motion to compel.

memory loss, and lacked sufficient personal time did not establish good cause for his noncompliance and lack of cooperation. IAF, Tab 37 at 3-4, Tab 40 at 4. We find that, in light of the egregious and persistent nature of the appellant's conduct, the administrative judge appropriately exercised her discretion in sanctioning him by canceling his requested hearing. *See Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶¶ 8-12 (2007) (determining that an administrative judge did not abuse her discretion in sanctioning an appellant by canceling his requested hearing when the appellant failed to comply with three orders directing him to submit evidence or argument regarding his claims).

¶13      We have considered the agency's arguments on review that other administrative judges imposed more appropriate sanctions based upon conduct similar to the appellant's. PFR File, Tab 1 at 22, Tab 4 at 7-8; *see, e.g.*, *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 12 (2011) (declining to find that an administrative judge abused her discretion by precluding an appellant from submitting additional evidence regarding her claim of disability discrimination after she failed to comply with an order to appear for a deposition), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012); *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶¶ 9-12 (2011) (finding that dismissing an appeal for failure to prosecute after an appellant failed to comply with multiple orders was not an abuse of discretion). However, in light of the great deference afforded to administrative judges in selecting an appropriate sanction, we cannot conclude that the administrative judge abused her discretion in declining to impose such sanctions here, and instead electing to sanction the appellant by canceling the scheduled hearing. *See Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 15 (2010) (observing that the abuse of discretion is a very high standard and allows for great deference).

¶14      Although the administrative judge did not abuse her discretion, we agree with the agency that, as an unintended consequence of the sanction imposed by the administrative judge, the agency was prejudiced. PFR File, Tab 1 at 14-15,

As a direct result of the appellant's conduct during the processing of his appeal, the agency was deprived of the opportunity to question him regarding the medical documentation he submitted after the hearing was cancelled. IAF, Tab 50 at 5, Tab 51 at 10; ID at 6-7. The medical documentation would have been responsive to several of the agency's discovery requests.[8] IAF, Tab 19 at 31-33. The appellant does not dispute the agency's assertion that he failed to produce the medical documentation in the normal course of discovery, or after he was ordered to do so by the administrative judge in response to the agency's motion to compel. PFR File, Tab 1 at 14-15, Tab 2; IAF, Tab 24 at 2. The appellant's failure to produce the documentation, in combination with his failure to cooperate in his deposition, precluded the agency from developing evidence that potentially would have enabled it to rebut the assertion that he was incapacitated for duty on the date at issue. *See, e.g.*, IAF, Tab 23 at 19 (reflecting that the appellant's attempted deposition concluded before the agency could question him regarding his absence on October 6, 2013).

¶15     Notably, after the appellant filed the medical documentation, the agency argued that the documentation was inconsistent with a statement that the appellant made to his supervisor on October 6, 2013. IAF, Tab 57 at 5, 16-17, 29. The agency reiterates this argument on review. PFR File, Tab 1 at 12-13. Below, the agency submitted an affidavit from the appellant's supervisor, which stated that on October 6, 2013, approximately 40 minutes after the appellant's overtime assignment was scheduled to begin, he telephoned his supervisor, and stated that he "just woke up." IAF, Tab 57 at 16. The administrative judge found that the medical documentation was not inconsistent with the appellant's statement that he had overslept, because he described his symptoms as including physical exhaustion. ID at 7 n.1. However, the medical documentation did not indicate that the appellant suffered from exhaustion, and the agency was not afforded the

---

[8] At a minimum, the medical documentation was responsive to requests for document numbers 1, 10, and 13. IAF, Tab 19 at 31-33.

opportunity to question the appellant regarding any potential inconsistencies between the medical documentation and his statement to his supervisor.[9]  IAF, Tab 51 at 10.

¶16    We find that, because the agency was denied the opportunity to develop the record regarding the documentation that the appellant relied on to rebut specification two of the charge, and the agency otherwise might have been able to prove this specification, as an inadvertent consequence of the sanction imposed against the appellant, the agency's substantive rights were adversely affected. *See Wagner*, 105 M.S.P.R. 67, ¶ 9.  Under the circumstances of this case, we conclude that it is in the interest of justice to afford the agency an opportunity to rebut the medical documentation submitted by the appellant.  Accordingly, we vacate the administrative judge's finding that the agency failed to sustain specification two of the charge, and remand the case to the regional office for the administrative judge to conduct a limited hearing on the subject of the medical documentation that the appellant filed on November 1, 2014.  The scope of the hearing shall include, but not be limited to, the consistency of the medical documentation with the appellant's prior statements to his supervisor.[10]  In the event that the appellant fails to cooperate in this limited hearing, the

---

[9] On review, the agency also argues that the medical documentation that the appellant filed on November 1, 2014, was not administratively acceptable evidence that he was incapacitated for duty because it did not specify the medical condition that caused him to be incapacitated.  PFR File, Tab 1 at 13-14.  Under the circumstance of the present appeal, we find this argument unpersuasive.  The deciding official relied on nearly identical medical documentation, which also failed to specify the appellant's diagnosis, in finding that the appellant's absence at issue in specification one should not be sustained.  IAF, Tab 12 at 5, 50.

[10] The agency's arguments also possibly call into question the authenticity of the appellant's November 1, 2014 medical documentation, an issue the administrative judge may wish to explore on remand.

administrative judge shall determine whether additional sanctions are appropriate.[11]

<u>The appellant has failed to establish any basis for granting his cross petition for review.</u>

¶17    On review, the appellant argues that his supervisor retaliated and discriminated against him when, among other things, he failed to sufficiently investigate the circumstances surrounding the charge prior to proposing the appellant's suspension and took "negative action[s]" against him.  PFR File, Tab 2 at 4-6.  He provides no citations to the record to support his claims.  *Id*. We find that these arguments do not establish a basis for disturbing the administrative judge's conclusion that the appellant failed to establish his affirmative defenses of retaliation and discrimination.  ID at 8-13; *see Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (holding that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record that demonstrates the error).

¶18    Next, the appellant reiterates his argument, raised below, that the agency failed to provide him with an effective reasonable accommodation.  PFR File, Tab 2 at 8; *see* IAF, Tab 35 at 5-6.  An agency is required to provide reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations. *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 10 (2014).  Reasonable accommodation includes modifications to the manner in which a position is customarily performed to enable a qualified individual with a disability to perform the essential job functions, or reassignment to a vacant position whose

---

[11] On review, the agency also argues that the administrative judge erred in mitigating the penalty to a 7 day suspension.  PFR File, Tab 1 at 17-21.  We have not addressed these arguments, as the administrative judge's findings regarding the agency imposed penalty may be affected by the outcome of the limited hearing on remand.

duties the employee can perform.[12] *Id.* The appellant bears the burden of proving that an accommodation that he seeks is reasonable. *Id*., ¶ 17.

¶19 We agree with the administrative judge that the appellant failed to prove that the agency denied him a reasonable accommodation. *See* ID at 13-15. Although Plant Production and Quarantine Officers ordinarily rotate between day and night shifts, starting in 2009, the agency assigned the appellant to a regular tour of duty on the night shift as an accommodation for his depression. IAF, Tab 45 at 15, Tab 57 at 26. Subsequently, starting in 2013, the agency granted the appellant the accommodation of a regular schedule with fixed days off.[13] IAF, Tab 12 at 8, Tab 57 at 26.

¶20 The agency was not required to provide the appellant's requested accommodation of being allowed to report to work on an unscheduled basis. *See* ID at 14; IAF, Tab 13 at 18. His duties as a Plant Production and Quarantine Officer include performing predeparture inspections, which require him to be present when flights are scheduled to conduct inspections so that aircrafts can depart on time. IAF, Tab 16 at 37, Tab 57 at 26. His requested accommodation of a flexible start time would require other employees to perform his duties for him to maintain on-time aircraft departures and, accordingly, would not be reasonable. *See* IAF, Tab 57 at 26; *see also* 29 C.F.R. § 1630.2(o)(1)(ii) (defining a reasonable accommodation to include a modification to the manner in which an employee performs work that enables the employee to perform the essential functions of the position). For similar reasons, we agree with the administrative judge that the agency was not required to call the appellant each

---

[12] Here, the appellant has not established that any vacant, funded positions for which he was otherwise qualified were available. *See Jackson v. U.S. Postal Service*, 79 M.S.P.R. 46, 53-54 (1998) (explaining that, in a disability discrimination claim, the appellant bears the ultimate burden of proving that vacant, funded positions for which he was otherwise qualified were available).

[13] The appellant was the only Plant Production and Quarantine Officer with primary duties involving predeparture passenger and cargo inspection who was assigned a fixed schedule with regular days off. IAF, Tab 57 at 26.

day and remind him to come to work as a reasonable accommodation. ID at 14-15.

## ORDER

¶21    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:        _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.